## LITTLEFIELD v. GANSEVOORT BANK et al.

(Supreme Court, Special Term, New York County. February 16, 1909.)

1. DISCOVERY (§ 74*)—BOOKS AND DOCUMENTS—SUBPŒNA DUCES TECUM—POWER OF REFEREE.

Under the express terms of Code Civ. Proc. § 854, a referee, on examination of defendant before trial, could issue a subpœna duces tecum, requiring defendant to produce books and documents, though the order directing the examination indicated the court's refusal at that time to order such production; issuance of the subpœna being contemplated by the court in the course of the proceedings, should the necessity arise.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 74.*]

2. DISCOVERY (§ 77*)—BOOKS AND DOCUMENTS—SUBPŒNA DUCES TECUM—CONTEMPT.

A motion to punish for disobeying a subpœna duces tecum, issued by a referee on examination before trial, requiring the production of books and papers will be granted, though the subpœna was too broad, or its requirements oppressive, where the refusal to produce was based on the ground that the referee was powerless to issue the subpœna.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 77.*]

3. DISCOVERY (§ 77*)—BOOKS AND DOCUMENTS—SUBPŒNA DUCES TECUM—CONTEMPT.

While, upon application, the Supreme Court might, in a proper·case, vacate or modify a subpœna duces tecum, issued by a referee on examination before trial, requiring the production of books and papers, in the absence of such interference the subpœna is enforceable by contempt proceedings, under Code Civ. Proc. § 14, subd. 5, authorizing punishment for contempt of a subpœna.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 77.*]

Action by Lemuel Littlefield against the Gansevoort Bank and others. Plaintiff moves to punish P. Maxwell Sayford, cashier, for disobeying a subpœna duces tecum. Motion granted, with leave to purge.

Katz & Sommerich, for the motion.
Philip J. Britt, opposed.

BISCHOFF, J. The referee, upon an examination of the adverse party before trial, undoubtedly had power to issue the subpœna duces tecum (Code Civ. Proc. § 854; Knickerbocker Trust Co. v. Schroeder, 125 App. Div. 917, 109 N. Y. Supp. 1024; Gibbons v. San Luis Co., 125 App. Div. 741, 110 N. Y. Supp. 96), and the fact that the order directing the examination indicated the court's refusal at that time to order the production of the books and papers in question in no way affects the validity of the subpœna (Gibbons v. San Luis Co., supra), the issuance of which was, indeed, contemplated by the court in the course of the proceedings, should the necessity arise. The examination developed the fact that these documents were necessary to refresh the memory of the witness, and it would appear that the referee's discretion so far was properly exercised; but, if it is to be assumed that for some reason the subpœna was too broad or its requirements oppressive, still the present application must be granted, since the refusal of the party to produce the books and papers was based broadly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

114 N.Y.S.—49

upon the ground that it was beyond the power of the referee to issue the subpœna itself. The subpœna was issued by an officer having full authority so to do, and while, upon application for that purpose, the court might direct that it be vacated or modified in a proper case, it was, in the absence of such a direction, to be given full effect as a subpœna enforceable by contempt proceedings. Code Civ. Proc. § 14, subd. 5.

Motion granted, and respondent adjudged in contempt, with leave to purge himself of his contempt upon his complying with the subpœna at a time to be stated in the order, and upon payment of $25 imposed as terms fixed with reference to the plaintiff's reasonable expenses in this proceeding, together with $10 costs of the motion.